On Remand from the Alabama Supreme Court.

PER CURIAM.
T.D.M. appealed his convictions for first-degree sexual abuse, see § 13A-6-66, Ala. Code 1975, and first-degree sodomy, see § 13A-6-63, Ala. Code 1975, and his resulting sentences of 20 years’ imprisonment for the sodomy conviction and 5 years’ imprisonment for the sexual-abuse conviction.[1] This Court affirmed the circuit court’s judgment. T.D.M. v. State, 117 So.3d 921 (Ala.Crim.App.2010). T.D.M. then petitioned the Alabama Supreme *942 Court for certiorari review. In an opinion issued October 28, 2011, the Alabama Supreme Court reversed our judgment insofar as it affirmed the circuit court’s judgment on the sodomy count.[2] Ex parte T.D.M., 117 So.3d 933, 934 (Ala.2011). The Supreme Court held that the sodomy conviction violated T.D.M.’s rights against double jeopardy. 117 So.3d at 934.
In accordance with the opinion of the Alabama Supreme Court, we remand this case to the circuit court for it to vacate T.D.M.’s conviction for first-degree sodomy and to enter a judgment of acquittal on the sodomy charge.
REMANDED WITH INSTRUCTIONS.*
WINDOM, P.J., and WELCH, KELLUM, BURKE, and JOINER, JJ., concur.

. In its opinion reversing our judgment affirming the sodomy conviction, the Alabama Supreme Court stated that T.D.M. was sentenced "to three years in the state penitentiary for both counts, the sentences to run concurrently.” Ex parte T.D.M., 117 So.3d 933, *942 937 (Ala.2011). In our original consideration of T.D.M.'s appeal, we noted a discrepancy between the transcript of the sentencing hearing and the trial court’s written sentencing order; consequently, we directed the circuit court to correct the record to clarify what sentence it had imposed on T.D.M. for his convictions. See Rule 10(g), Ala. R.App. P. In response, the circuit court submitted a corrected record indicating that it had sentenced T.D.M. to concurrent sentences of 5 years' imprisonment on the sexual-abuse conviction and 20 years’ imprisonment on the sodomy conviction.

. The Supreme Court stated that it
“granted certiorari solely to determine whether T.D.M.’s constitutional rights against being placed twice in jeopardy, under the Fifth Amendment to the United States Constitution and art. I, § 9, of the Alabama Constitution of 1901, were violated when the jury returned a not-guilty verdict on the sodomy count, was discharged, left the courtroom, and then returned and changed its verdict.”
Ex parte T.D.M., 117 So.3d at 935.

 Note from the reporter of decisions: On December 14, 2012, on return to remand, the Court of Criminal Appeals affirmed, without opinion.